## The People ex rel. Clara Wolff v. Leo Wheeler.

1. COURTS—*Power to Dismiss a Suit, Sua Sponte.*—A court does not sit for the purpose of entering judgment upon matters about which there is neither controversy nor necessity for adjudication. It may *sua sponte* dismiss a suit which appears to be a mere mock contention.

2. BASTARDY—*Purpose of the Proceedings.*—Proceedings under the act concerning bastardy are not so much for the purpose of determining whether the defendant is father of the child, as to the end that a fund may be provided for its support.

Bastardy proceedings.—Error to the Criminal Court of Cook County; the Hon. ARTHUR CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

### STATEMENT OF THE CASE.

On the 12th day of July, 1894, Clara Wolff, the plaintiff in error, filed a complaint before a justice of the peace,

charging the defendant in error with being the father of a
male child of which she had been delivered. An exami-
nation was had by the justice, and the defendant was recog-
nized to appear at the next term of the criminal court.

The after proceedings, material to this case, are described
and set forth in the following final order entered March
7, 1895 :

And afterward, on the 7th day of March, 1895, it being
the term of court aforesaid, the following, among other
proceedings, were had and entered of record, to wit:

" And now come the parties hereto, the people of the
State of Illinois, by Jacob J. Kern, state's attorney, the
complaining witness, Clara Wolff, being represented by F.
W. Jaros, as her counsel, the defendant being present in
open court, and being also represented by Henry Severin,
his guardian *ad litem*, and also by Louis Danzinger and
Edwin A. Munger, his attorneys; and this cause being now
about to be called for trial, and it appearing to the court
that a trial of this suit was had before the judge now pre-
siding therein, namely, Arthur Chetlain, and a jury, on the
13th and 14th days of February, 1895, and that on the trial
of said suit the complaining witness, said Clara Wolff, tes-
tified in the presence and hearing of this court that a child
was born to her on the 13th day of March, 1894, which
died on the 16th day of March, 1894, and that the defend-
ant was the father of said child, which evidence was, on
said trial, controverted by said defendant; that the jury on
said trial disagreed and were discharged; and it further ap-
pearing to the court that said guardian *ad litem*, on behalf
of said defendant, for the purpose only of avoiding the ex-
pense of further litigation touching the issues of this suit,
has this day paid the costs of this suit in full, and has also
this day in open court tendered to said Clara Wolff and to
her said counsel the sum of $25, which tender was by them
refused, and that said sum was thereupon paid by the said
guardian *ad litem*, to the clerk of this court, for the use and
benefit and subject to the order of said Clara Wolff; and it
further appearing to the court that said sum of $25 is the

The People v. Wheeler.

full amount to which by law said Clara Wolff would be entitled should the issues of this case be found in her favor, it is therefore ordered that said clerk pay said sum of $25 to said Clara Wolff. Whereupon said state's attorney moves the court that this suit be dismissed, without costs; and whereupon said counsel for said Clara Wolff demand an immediate trial of the issues of this suit.

And the court, being fully advised in the premises, doth overrule the motion of said counsel for said Clara Wolff, and doth sustain the motion of said counsel of said state's attorney, and it is thereupon ordered and adjudged that this suit be dismissed without costs."

To which order and judgment of the court, the said complainant, by her attorney, then and there excepted.

F. W. Jaros, attorney for plaintiff in error.

Louis Danziger and Edwin A. Munger, attorneys for defendant in error.

Mr. Justice Waterman delivered the opinion of the Court.

Courts do not sit for the purpose of entering judgment in matters about which there is neither controversy nor necessity for adjudicating. A court may *sua sponte* dismiss a suit which appears to be a mere mock contention.

Proceedings under the act concerning bastardy are not so much for the purpose of determining whether the defendant is the father of the child, as to the end that a fund may be provided for its support. If the defendant is willing, without trial, to do all that he can be required after trial and judgment against him, there is no reason why a trial should be had.

In the present case a trial could not have resulted in an order upon the defendant to pay more than he voluntarily, without trial, paid.

The action of the court in the premises was therefore entirely proper and its judgment is affirmed.